**GRANTED**
Judge Rita F. Lin

1  Brandon Q. Tran (CA Bar No. 223435)
   btran@dhillonlaw.com
2  **DHILLON LAW GROUP**
3  4675 MacArthur Court, Suite 1410
   Newport Beach, California 92660
4  (949) 340-1968 (voice and fax)

5  *Attorneys for Plaintiff* The PLS.com, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **The PLS.com, LLC**, a California limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>**The National Association of Realtors**,<br><br>            Defendant. | Case No.: 3:25-CV-05505-RFL<br><br>**PLAINTIFF THE PLS.COM, LLC'S RENEWED NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FRCP RULE 41(a)(2)**<br><br>Judge:  Rita F. Lin<br>Date:   September 16, 2025<br>Time:   10:00 a.m.<br>Place:  Courtroom 15 – 18th Floor<br><br>Complaint filed:   July 1, 2025 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE:** that this Motion for Voluntary Dismissal Without Prejudice Pursuant to FRCP Rule 41(a)(2) shall be heard on September 16, 2025, at 10:00 a.m. before District Judge Rita F. Lin, located in Courtroom 15, 18th Floor, at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

Pursuant to this Motion, Plaintiff The PLS.com, LLC ("PLS"), by and through its undersigned counsel, will and hereby does respectfully move the Court to dismiss its action against Defendant National Association of Realtors ("NAR") without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure on grounds that:

- Due to a clerical error, PLS inadvertently filed its Complaint in the Northern District of California when it intended to file in the Central District of California;
- Within minutes of learning of the error, PLS filed its Complaint in the Central District;
- There is no prejudice to NAR because PLS has not served the Complaint in the Northern District and NAR has not appeared in the action; and
- An order dismissing this action without prejudice under Rule 41(a)(2) is needed to avoid the potential application of the "two dismissal" rule of Rule 41(a)(1)(B).

This Motion to Dismiss Without Prejudice is based on this Notice of Motion, the Memorandum of Points and Authorities herein, the Declaration of Brandon Q. Tran served and filed herewith; all pleadings, records, and papers on file in this action; and such further evidence and argument as may be presented at the hearing.

DATED: July 8, 2025                    By: /s/ *Brandon Q. Tran*
                                       Brandon Q. Tran
                                       CA Bar No. 223435
                                       btran@dhillonlaw.com
                                       4675 MacArthur Court, Suite 1410
                                       Newport Beach, CA 92660

                                       ***Attorneys for Plaintiff* The PLS.com, LLC**

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

This is an antitrust case with an involved procedural history before Judge John W. Holcomb in the Central District of California that was inadvertently filed in this Court. When Plaintiff The PLS.com, LLC ("PLS") realized its error, it immediately filed its Complaint in the Central District, along with a notice requesting the clerk to assign the matter to Judge Holcomb. Accordingly, PLS respectfully requests that this Court promptly enter an order pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure dismissing this action without prejudice. As the same pleadings are now pending in the Central District, which is where this case belongs, Defendant National Association of Realtors ("NAR") will suffer no cognizable prejudice, or any prejudice at all, from the Court's correction of a simple clerical error by PLS's counsel in selecting the destination court for its electronically filed Complaint.

PLS filed its original Motion for Voluntary Dismissal Without Prejudice Pursuant to FRCP 41(a)(2) on July 2, 2025, to be heard before Magistrate Judge Lisa J. Cisneros. ECF No. 4. Following the filing, Judge Cisneros issued an order stating that she could not issue binding rulings on the motion without consent of all parties and instructing the parties, *inter alia*, to file either a consent or declination form. ECF No. 5. On July 3, 2025, PLS filed its declination form. ECF No. 6. On July 7, 2025, the clerk issued a Notice of Impending Reassignment to a U.S. District Court Judge, which vacated all presently scheduled hearing dates, and the assignment of this action to Judge Rita F. Lin. ECF Nos. 8 and 9. This Motion immediately follows.

II. **FACTUAL BACKGROUND**

   A. **The Prior Action Between the Parties**

PLS filed its original action against NAR, captioned *The PLS.com, LLC v. The National Association of Realtors, et al*, Case No. 2:20-cv-04790, on May 28, 2020 in the United States District Court, Central District of California ("Original Action"). Thereafter, PLS filed an Amended Complaint on July 20, 2020. Both the Complaint and Amended Complaint named The National Association of Realtors as a defendant, along with other defendants and alleged conspirators (the "MLS Defendants"). The Original Action was then assigned to Judge Holcomb in the Central

District of California.

On February 3, 2021, Judge Holcomb dismissed the Amended Complaint for failure to state a claim upon which relief could be granted. The ruling was taken on appeal and the Ninth Circuit Court of Appeals reversed, holding that PLS's Amended Complaint stated a claim for relief under Section 1 of the Sherman Act, 15 U.S.C. § 1. *See PLS.Com, LLC v. National Ass'n of Realtors*, 32 F.4th 824 (9th Cir. 2022). Following remand to the District Court, further proceedings were held before Judge Holcomb between June 24, 2022, and February 2, 2024.

On January 26, 2024, PLS dismissed its claims against NAR without prejudice pursuant to a stipulation. PLS and NAR also entered into the first of two tolling agreements between the parties, the most recent of which tolled PLS's claims against NAR until June 30, 2025. On February 2, 2024, PLS dismissed its claims against the MLS Defendants with prejudice.

**B.     Filing Of The Current Action**

PLS refiled its claim against NAR on July 1, 2025. In the weeks leading up to that filing, PLS's counsel prepared and finalized the Complaint, along with the other necessary documents, to initiate this action in the Central District of California. (Declaration of Brandon Q. Tran ("Tran Decl.", ¶ 2.) Accordingly, all the pleadings and initial case filing documents, *i.e.*, the Civil Cover Sheet, the Summons, the Certification and Notice of Interested Parties, and the Corporate Disclosure Statement, explicitly identified the Central District of California in the caption. (Tran Decl., ¶ 2.) Additionally, pursuant to Central District of California Local Rule 83-1.2, PLS prepared a Notice of Refiling of Action and Related Cases, which disclosed the Original Action and requested that the new matter be assigned to Judge Holcomb of the Central District. (Tran Decl., ¶ 3 and Exhibit A attached to Tran Decl.)

Unfortunately, due to an obvious clerical error, this matter was inadvertently filed in the Northern District of California. (Tran Decl., ¶ 4.) PLS immediately realized this error when its counsel received the payment receipt identifying the Northern District of California as being the filing court. (Tran Decl., ¶ 5.) Thereafter, PLS corrected the error by filing the Complaint, its initial case filing documents, and the Notice of Refiling of Action and Related Cases in the Central District of California, where the action is pending and assigned the case number 2:25-cv-05971-ODW-

4

MAR. (Tran Decl., ¶ 6.)

Once the administrative offices for the Northern District of California opened on July 1, 2025, PLS contacted the clerk to advise the court of the error and to seek guidance to correct the erroneous filing. (Tran Decl., ¶ 7.) The clerk informed PLS that a dismissal would need to be filed and that PLS can complete the Application for Refund to obtain a refund of its initial filing fee. (Tran Decl., ¶ 7.)

### III.   LEGAL ARGUMENTS

#### A.   The Court Should Dismiss Without Prejudice Pursuant to Rule 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. See Fed. R. Civ. P. 41(a)(2). "Where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (cleaned up), "'Legal prejudice' is a term of art: it means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 1280 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). While "loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense" are examples of legal prejudice for purposes of Rule 41(a), mere "[u]ncertainty because a dispute remains unresolved" is not. *Westlands Water Dist.*, 100 F.3d at 97.

NAR will suffer no legal prejudice from dismissal without prejudice under Rule 41(a)(2) in favor of litigation of the exact same case in the Central District of California. That should be the end of the inquiry. However, although the Ninth Circuit in *Kemal* emphasized the "factors not rising to the level of legal prejudice" are not grounds on which to deny a motion to dismiss without prejudice under Rule 41(a)(2), 88 F.4th at 1282, a comparison of the circumstances here to cases where a denial of a motion for dismissal without prejudice were reversed on appeal is instructive.

*First*, NAR has not incurred any effort or expense in preparing for trial. The Complaint has not been served and NAR has not appeared in this action. (Tran Decl., ¶ 8.) But even if NAR had incurred costs, which it has not, those costs would not be grounds for denial of dismissal without

5

1  prejudice. *See Westlands Water Dist.*, 100 F.3d at 97 ("We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice."); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (rejecting argument that the plaintiff's claims should have been dismissed with prejudice because defendant "had begun trial preparations" and "was put to significant expense in preparing and filing its pleadings"). And because the Complaint is identical to the one filed in the Central District, NAR has not incurred any incremental costs from the erroneous filing in this Court: the costs to review the Complaint, assess its merits, and begin the process of mounting a defense (if any, at this extremely early stage) are exactly the same for NAR from two Complaints as they would be from one. Moreover, even assuming NAR did incur such costs, such work can be allocated to the matter in the Central District as the Complaint there is identical to the one filed here.

*Second*, PLS has moved quickly to correct its error. PLS erroneously filed its complaint in this Court only thirty minutes before realizing its error and filing again in the Central District of California, and the filing of this motion to correct the error followed the next day. (Tran Decl., ¶¶ 5-6.) This is about as fast a resolution as a law firm can reasonably manage, accounting for the time to realize the error, confer with colleagues, investigate the circumstances, research the law, and file a well-reasoned brief. *Compare Westlands Water Dist.*, 100 F.3d at 97 (one month delay not so dilatory as to warrant dismissal with prejudice).

*Third*, PLS's explanation of the need to take a dismissal is intuitive and obvious: a clerical error caused a pleading clearly intended for the Central District to be filed here instead. There is simply no forum shopping or vexatious litigation going on here. The complaint is captioned in the Central District of California, and the accompanying Notice of Refiling and of a Related Case on its face disclosed an intent to file in the Central District of California, where Judge Holcomb has prior experience with this matter and where PLS obviously intended to file. The facts before the Court show a simple excusable clerical mistake, one that PLS wishes to correct as soon as possible, without any attempt to impose unnecessary costs on NAR or shield weak legal claims from scrutiny.

PLS makes this motion for a voluntary dismissal without prejudice under Rule 41(a)(2) rather than simply filing a notice of dismissal under Rule 41(a)(1)(A)(i) because a unilateral notice

of dismissal may trigger the "two dismissal" rule of Rule 41(a)(1)(B) due to the procedural history of this matter, which has already involved one such dismissal without prejudice.  *See Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) (observing in the plaintiff's third action that it could have avoided the "two dismissal" rule by moving to dismiss its second action under Rule 41(a)(2)).  Courts have observed that dismissal without prejudice by motion under Rule 41(a)(2) is proper to fix a clerical error in filing that might, if addressed instead through a unilateral Rule 41(a)(1)(A)(i) notice of dismissal, implicate the "two dismissal" rule. *Wells Fargo Bank, N.A. v. Las Vegas Dev. Grp. LLC*, 2019 WL 11005491, at *3 (D. Nev. Jan. 10, 2019) (inadvertently filed second action should have been dismissed pursuant to a motion under Rule 41(a)(2) to avoid the "two dismissal" rule); *Star Fabrics, Inc. v. Ross Stores, Inc.,* 2015 WL 12732424, at *2–3 (C.D. Cal. Mar. 20, 2015) (same).

## IV.    CONCLUSION

PLS regrets its clerical error in filing its Complaint in the Northern District and the need to burden this Court with this Motion.  PLS respectfully suggests that a prompt dismissal without prejudice pursuant to Rule 41(a)(2) is the best way to get this case off the Court's docket while causing no legal or other prejudice to PLS or NAR.  An appropriate order is attached.

DATED: July 8, 2025

By:   /s/ *Brandon Q. Tran*
Brandon Q. Tran
CA Bar No. 223435
btran@dhillonlaw.com
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

***Attorneys for Plaintiff* The PLS.com, LLC**